IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERIFACTORS FINANCIAL GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21 C 6803 |
| UNIVERSITY OF CHICAGO, | ) ) ) | Judge Joan H. Lefkow |
| Defendant. | ) | |

## ORDER

The motion of defendant to dismiss the fourth amended complaint (dkt. 50) is granted. See Statement. The Clerk is directed to enter judgment in favor of the defendant. Case is terminated.

## Statement

On August 3, 2022, this court granted the motion of the University of Chicago to dismiss the second amended complaint filed by AmeriFactors Financial Group, LLC claiming, as relevant here, payment of "Invoice 14" under a theory of breach of contract or, in the absence of contract, the equitable doctrine of promissory estoppel. (Dkt. 39.) The court granted AmeriFactors leave to replead these counts, and that amended complaint (4AC) (dkt. 46) is now before the court on the University's motion to dismiss. In light of the previous ruling, the court directed AmeriFactors to inform the court, in its response to the motion to dismiss, "as to why the Fourth Amended Complaint can be distinguished from the Third Amended Complaint." (Dkt. 51). The motion has been fully briefed, and the court heard oral argument on April 26, 2023. This ruling addresses whether this amended pleading overcomes the court's decision that (a) the verification letter at issue is not a contract because it lacks consideration and (b) UCC § 9-404 precludes a promissory estoppel claim based on the verification letter. The court has considered the cases on which the parties rely but does not reassess the applicable principles as discussed in the August 3 ruling.

The essential facts are undisputed, as set out in the court's Opinion and Order of August 3, 2022. In the 4AC, AmeriFactors newly alleges that it provided the University "with several opportunities—both before and immediately after funding Klein—to ask questions about the Verification Agreement." (Dkt. 46 ¶ 41.) At oral argument, counsel for AmeriFactors stated that, before the University signed and returned the verification letter, a representative of AmeriFactors called the project manager who signed the letter on behalf of the University to verify the representations in the letter and to ask if she had any questions about it.

AmeriFactors argues that these new allegations permit the inference that consideration exists because the University, being well-versed in factoring agreements, reasonably should have understood from the circumstances that it was "bargaining for" AmeriFactors' promise to buy the invoice from Klein in exchange for the University's agreement to pay Invoice 14 directly to AmeriFactors; or, the University chose to sign rather than pursue alternative options, so as to forbear not signing or negotiating the terms of the verification letter. (4AC ¶¶ 20, 23, 24.) Unfortunately for AmeriFactors, these facts taken as true do not answer the question of what the University gained in the alleged exchange or what AmeriFactors was obligated to do in favor of the University. The 4AC does not state a claim for breach of contract.

With regard to promissory estoppel, AmeriFactors contends that the newly alleged facts support the claim, acknowledging for purpose of the argument the absence of contract. AmeriFactors newly argues that UCC § 9-403 applies and that under that section equitable claims are not supplanted by the UCC. Section § 9-403(b) concerns the enforceability of an agreement between an account debtor and an assignor not to assert defenses against an assignee, and § 9-403(f) states that § 9-403 does not displace other law "which gives effect to an agreement by an account debtor not to assert a claim or defense against an assignee." 810 ILCS 5/9-403(b), (f). Although the Verification Agreement states that the University "waive[s] [its] right to assert any defense to payment of the payment application(s)" (dkt. 46-3 at 2), this is an agreement between the University and AmeriFactors, not the University and Klein. There is no allegation in the 4AC that the University agreed with Klein (as to a claim by AmeriFactors against the University) to waive defenses that the University might have against Klein. As such, § 9-403 is inapplicable. As set out in the August 3 opinion, § 9-404 applies and forecloses the equitable claims.

Date: August 11, 2023

_____
U.S. District Judge Joan H. Lefkow