**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMERIFACTORS FINANCIAL GROUP, LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF CHICAGO,<br><br>          Defendant. | Case No. 1:21-cv-06803<br><br>Hon. Judge Joan H. Lefkow |

**AMERIFACTORS FINANCIAL GROUP, LLC'S
CONSENTED AND AGREED MOTION TO VACATE**

Plaintiff AmeriFactors Financial Group, LLC ("Plaintiff" or "AmeriFactors"), with the consent of Defendant University of Chicago ("Defendant," and together with Plaintiff, the "Parties"), moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for an order vacating the (i) Opinion and Order on the Defendant's motion to dismiss the Second Amended Complaint (ECF No. 34), (ii) Order on the Defendant's motion to dismiss the Fourth Amended Complaint (ECF No. 66), and (iii) the Judgment (ECF No. 67) (collectively, the "Orders"), to effectuate the terms of a contingent settlement that the Parties reached to resolve this litigation. In support of its Motion, AmeriFactors states the following:

        **I.   PROCEDURAL HISTORY**

   1.  On October 19, 2021, Plaintiff commenced this action in circuit court for the ninth judicial circuit, in and for Osceola County, Florida. On November 24, 2021, Defendant filed a Notice of Removal to the U.S. District Court for the Middle District of Florida. (ECF No. 1.) On December 14, 2021, Plaintiff agreed to transfer the action to this Court. (ECF No. 10.)

2. On February 4, 2022, AmeriFactors filed a First Amended Complaint (ECF No. 24), which asserted the following seven causes of action: (1) breach of the Verification Agreement, (2) Open Account, (3) Account Stated, (4) Statutory Lien and Account Debtor Enforcement, (5) Promissory Estoppel, (6) Quasi-Contract, Implied Contract and Unjust Enrichment, and (7) Conversion. On February 22, 2022, Plaintiff filed a Second Amended Complaint ("SAC") to address certain jurisdictional issues that arose from the removal of the Action from state to federal court. (ECF No. 29.) On April 12, 2022, Defendant moved to dismiss the SAC for failure to state a claim. (ECF No. 34.)

3. On August 3, 2022, the Court entered an Order dismissing Counts II, III, V, VI, and VII of the SAC with prejudice, dismissing Counts I and IV without prejudice, and giving Plaintiff leave to further amend its complaint ("August 3 Order"). (ECF No. 39.) On August 25, 2022, Plaintiff filed a Third Amended Complaint and simultaneously moved for reconsideration of the District Court's August 3 Order insofar as it dismissed with prejudice the SAC's claims for promissory estoppel (Count V) and Account Stated (Count III) and sought leave to re-plead those claims. (ECF No. 43.) On August 26, 2022, the Court granted Plaintiff leave to file an amended complaint to re-assert a claim for promissory estoppel in the alternative to breach of contract. On August 26, 2022, Plaintiff filed a Fourth Amended Complaint ("FAC") asserting claims for breach of contract (Count I) and promissory estoppel (Count II). (ECF No. 46.)

4. On September 13, 2022, Defendant moved to dismiss the FAC. (ECF No. 50.) The motion was fully briefed and the Court heard oral argument on April 26, 2023. (ECF No. 63.) In an Order dated August 11, 2023 ("August 11 Order"), the Court granted Defendant's motion to dismiss the FAC. (ECF No. 66.) The same day, the Court entered a judgment ("Judgment"). (ECF No. 67.)

5.     On September 5, 2023, Plaintiff timely appealed the Judgment to the United States Court of Appeals for the Seventh Circuit. (ECF No. 70.) On or about September 8, 2023, the Seventh Circuit ordered the Parties to participate in mandatory mediation with the Circuit Mediation Office and appointed Joel N. Shapiro as mediator. Formal mediation occurred over the course of two days on October 20 and 31, 2023. The parties then engaged in extensive further discussions, through Mr. Shapiro, and ultimately reached a contingent agreement to settle the litigation in its entirety. The settlement is conditioned upon the Court vacating the Orders (ECF Nos. 34, 66, 67.)

6.     On May 2, 2024, Plaintiff moved, with Defendant's consent, for an indicative ruling pursuant to Fed. R. Civ. P. 62.1(a) with respect to whether the Court would be inclined to vacate the Orders to facilitate settlement. (ECF No. 77.)

7.     On May 7, 2024, the Court granted Plaintiff's motion for an indicative ruling and entered a Minute Entry as follows: "[u]nder the authority of Fed. R. Civ. P. 62.1(3) and at the request of the parties, this court hereby indicates that it would grant a motion to vacate docket entry numbers 39, 66, and 67 in this case in order to effectuate settlement, should the court of appeals remand for this purpose." (ECF No. 78.)

8.     On May 9, 2024, Plaintiff filed with the Seventh Circuit a notice of indicative ruling pursuant to Fed. R. App. P. 12.1 and requested that the Seventh Circuit remand for further proceedings. On May 13, 2024, the Seventh Circuit granted Plaintiff's request and remanded Plaintiff's appeal to this Court for proceedings consistent with the Court's May 7 order. (ECF No. 79.)

3

9. In accordance with the Parties' settlement agreement and the Court's May 7 order, AmeriFactors now respectfully requests that the Court vacate the Orders. (ECF Nos. 34, 66, 67.)

## II. ARGUMENT

10. Rule 60(b) provides that district courts may vacate a final judgment where "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) and (6); *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Loc. 21*, 543 F.3d 414, 419-20 (7th Cir. 2008) (remanding to the district court for vacatur under Rule 60(b)); *Mayes v. City of Hammond*, 290 F. App'x. 945, 946 (7th Cir. 2008). This rule "vests power in courts . . . to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). While Rule 60(b) typically requires a showing of extraordinary circumstances, "motions to vacate *pursuant to settlement* may be granted absent such a showing." *Quad Cities Waterkeeper, Inc. v. Ballegeer*, 2018 WL 10435263, at *1 (C.D. Ill. Oct. 2, 2018) (emphasis added). In deciding a motion to vacate under Rule 60(b), courts consider all of the equities involved, including the public interest and the interests of the private litigants. *See Mayes v. City of Hammond*, 631 F. Supp. 2d 1082, 1088–95 (N.D. Ind. 2008).

11. In considering the public interest, courts generally take into account (i) the precedential value of the prior orders, (ii) the potential preclusive effect of the prior orders, and (iii) the use of judicial resources. *See e.g. Hill v. City of Hammond, Indiana*, 2023 WL 4683311, at *2-4 (N.D. Ind. July 21, 2023). The first two of these factors have little or no relevance in this case. "In contrast with an appellate court's decision to vacate one of its precedents . . . district court decisions do not have stare decisis effect; they are not precedent." *Hill*, 2023 WL 4683311, at *2-3; *Gould v. Bowyer*, 11 F.3d 82, 84-85 (7th Cir. 1993) (affirming vacatur of

judgment and noting that a "district court decision binds no judge in any other case"). Furthermore, the second factor—i.e. the potential preclusive effect of prior orders—is irrelevant where, as here, "there is no possibility of this Court's decisions having preclusive effect" where there is no pending lawsuits on any related claims. *Hill*, 2023 WL 4683311 at *3-4.

12. The third factor—conservation of judicial resources—weighs in favor of vacating the Orders and giving effect to the Parties' settlement. Indeed, facilitating settlement of this action through vacatur would allow the parties and the Seventh Circuit to avoid further briefing of the appeal, oral argument and, if the Plaintiff prevails on its appeal, further proceedings before this Court. *Id.* at *4; *Ballegeer*, 2018 WL 10435263 at *2. Moreover, the Parties agreed on contingent settlement terms because of the efforts of Mr. Shapiro and the Seventh Circuit's mandatory mediation program. Vacating the Orders to facilitate settlement, therefore "conserves the resources of the Seventh Circuit and its mediation services, and it shows the efficacy of the mandatory mediation program." *Hill*, 2023 WL 4683311 at *4. The public interest therefore supports vacating the Orders and facilitating the Parties' settlement.

13. The private interests of the parties likewise weigh in favor of vacating the Orders. The contingent settlement reflects an acceptable compromise of the Parties' claims and defenses and is the result of months of extensive negotiations. The contingent settlement, which will only become effective if this Court vacates the Orders, also allows both parties to avoid the burden of further litigation before the Seventh Circuit and, potentially, this Court. For these reasons, numerous district courts within the Seventh Circuit have found it equitable and in the public interest to vacate orders and judgments in aid of settlement. *See Ballegeer*, 2018 WL 10435263, at *1; *Lundsten v. Creative Cmty. Living Serv., Inc.*, 2016 WL 111431, at *1 (E.D. Wis. 2016); *Orlowski v. Eriksen*, 2010 WL 2401938, at *3 (N.D. Ill. 2010); *Gould*, 11 F.3d at 83-85 (7th Cir.

1993) (affirming the district court's Rule 60(b) vacatur order where case settled). The Parties respectfully requests that the Court do so here.

### III. CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. Rule 60, AmeriFactors respectfully requests that the Court enter an order vacating the (i) Opinion and Order on the Defendant's motion to dismiss the Second Amended Complaint (ECF No. 34), (ii) Order on the Defendant's motion to dismiss the Fourth Amended Complaint (ECF No. 66), and (iii) Judgment (ECF No. 67).[1]

Dated: May 28, 2024

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: */s/ Lauri Mazzuchetti*
Lauri A. Mazzuchetti
Whitney M. Smith
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
lmazzuchetti@kelleydrye.com
wsmith@kelleydrye.com

*Attorneys for Plaintiff AmeriFactors Financial Group, LLC*

---

[1] This Motion is being submitted with the consent of counsel for Defendant University of Chicago.